John C. Taylor (SBN 78389)
Sonya Ostovar (SBN 307207)
**TAYLOR & RING**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>COUNTY OF SANTA BARBARA, a public entity; SALVADOR VARGAS, an individual; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Civil Rights Action (42 U.S.C. § 1983)<br>2. Substantive Due Process (42 U.S.C. § 1983)<br>3. Municipal Liability – Unconstitutional Custom, Practice, Or Policy (42 U.S.C. § 1983)<br>4. Municipal Liability – Policy of Inaction (42 U.S.C. § 1983)<br>5. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>6. Supervisory Liability (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

## COMPLAINT FOR DAMAGES

Plaintiff JANE DOE, for her complaint against the COUNTY OF SANTA BARBARA, SALVADOR VARGAS, and DOES 1 through 10, (all together, "DEFENDANTS"), alleges as follows:

## PARTIES

1. Plaintiff JANE DOE (Plaintiff) is and was at all times mentioned herein a citizen of the State of California and resides in the Central District of California. Plaintiff was the victim of unlawful sexual assault perpetrated by Defendant SALVADOR VARGAS. As such, Plaintiff's full identity has been concealed from public court filings to prevent those not directly involved in this action from learning her identity and making her identity public. Such a public disclosure would further harm Plaintiff.

2. Upon information and belief, at all relevant times SALVADOR VARGAS resided in the County of Santa Barbara, within the Central District of California.

3. At all relevant times, SALVADOR VARGAS was employed by the COUNTY OF SANTA BARBARA within the Santa Barbara County Sheriff's Office as a custody employee. At all relevant times, SALVADOR VARGAS was acting within the course and scope of his employment. At all relevant times, SALVADOR VARGAS was acting with the implied and actual permission and consent of the COUNTY OF SANTA BARBARA.

4. Defendant COUNTY OF SANTA BARBARA is and was municipal corporation and public entity within the Central District of California.  COUNTY OF SANTA BARBARA is a chartered subdivision of the State of California with the capacity to be sued. COUNTY OF SANTA BARBARA is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Santa Barbara County Sheriff's Office and its agents and employees. COUNTY OF SANTA BARBARA was responsible for ensuring the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California.

5. At all relevant times, DOES 1 through 10 were employees and/or agents of COUNTY OF SANTA BARBARA. At all relevant times, they were acting under color of law within the course and scope of their duties with respect to their employer. These defendants proximately caused Plaintiff's injuries by integrally participating or failing to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

6. The true names of DOES 1 through 10 are unknown to Plaintiff, who therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

7. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Santa Barbara, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff began her detention at Santa Barbara County Main Jail in or about July 2018.

10. Beginning in or about April 2018, VARGAS worked at Santa Barbara County Main Jail as a discharge planner. At all relevant times, VARGAS acted under color of law and within the course and scope of his employment by the COUNTY OF SANTA BARBARA.

11. During Plaintiff's detention, VARGAS was repeatedly and consistently inappropriate with Plaintiff. VARGAS began by complimenting Plaintiff's physical

appearance. VARGAS then began asking Plaintiff to expose her breasts. VARGAS' advances were out in the open.

12. During a conversation about transferring Plaintiff to a residential treatment program for the remainder of her sentence, VARGAS repeatedly asked Plaintiff to expose her breasts to him. Out of fear of losing her opportunity to transfer, Plaintiff lifted up her nightgown and exposed her thigh to VARGAS.

13. Based on information and belief, VARGAS was inappropriate with other female inmates, including, but not limited to, watching female inmates masturbate in exchange for providing them with items such as cigarettes. VARGAS had a reputation within Santa Barbara County Main Jail for engaging in sexual misconduct against female inmates.

14. Based upon information and belief, other COUNTY OF SANTA BARBARA employees working at the Santa Barbara County Main Jail, including Gabriel Castro, also committed acts of sexual misconduct against female inmates. Based upon information and belief, Castro routinely used his position of power to sexually assault and exploit female inmates. Gabriel Castro also had a reputation within Santa Barbara County Main Jail for engaging in sexual misconduct against female inmates.

15. On or about August 8, 2018, Plaintiff was discharged from Santa Barbara County Main Jail to complete the remainder of her sentence at Bethel House residential treatment center in Santa Barbara. Before leaving Santa Barbara County Main Jail, an ankle monitor was placed around Plaintiff's ankle.

16. VARGAS was assigned to transport Plaintiff from Santa Barbara County Main Jail to Bethel House. VARGAS transported Plaintiff in a Santa Barbara County vehicle. At all relevant times, Plaintiff was an inmate and in custody.

17. During the drive, VARGAS told Plaintiff that "he got her out" and that she "owed him." VARGAS also made several sexual innuendos to Plaintiff.

18. Thereafter, VARGAS stopped at a pharmacy on State Street in Santa Barbara to fill Plaintiff's prescription medications. VARGAS parked far from the entrance of pharmacy even though the parking lot was nearly empty.

19. VARGAS and Plaintiff went inside the pharmacy and filled the prescriptions. They were told that it would take about fifteen minutes for the medications to be ready for pick up. VARGAS then instructed Plaintiff to go wait in the car with him.

20. Once they were back in the car, VARGAS began to harass Plaintiff, repeatedly saying "just suck it" and "you want to suck it" – referring to his penis. VARGAS then put his arm around Plaintiff and tried to pull off her bra. Plaintiff was scared and disgusted. Plaintiff tried to resist the advances without offending VARGAS, due to fear of retaliation. VARGAS then exposed his penis and began pushing Plaintiff's head down to his penis. Plaintiff repeatedly said that she did not want to, but VARGAS did not care. VARGAS, who was more than twice Plaintiff's physical size, kept her head pushed down until she did what he demanded. VARGAS ejaculated in Plaintiff's mouth.

21. VARGAS then picked up Plaintiff's prescription medications and dropped her off at Bethel House.

22. On or about October 5, 2018, Plaintiff was discharged from Bethel House and returned to Santa Barbara County Main Jail for three days.

### FIRST CLAIM FOR RELIEF

### Civil Rights Action (42 U.S.C. § 1983)

### (Against SALVADOR VARGAS and DOES 1 through 10)

23. The foregoing allegations are incorporated as if re-alleged herein.

24. At all relevant times, Plaintiff was an inmate in custody by COUNTY OF SANTA BARBARA.

25. At all relevant times, Defendants VARGAS and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

26. When VARGAS sexually assaulted Plaintiff and engaged in the conduct described above, he violated Plaintiff's constitutional rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

27. The sexual assault perpetrated by VARGAS against Plaintiff, and VARGAS' other conduct described above, was unreasonable, unjustified, and offensive to human dignity.

28. DOES 1 through 10 failed to intervene to prevent VARGAS' misconduct, even though they had an opportunity to do so. DOES 1 through 10 were deliberately indifferent to the risk or danger of sexual assault of Plaintiff and similarly situated inmates by VARGAS.

29. The conduct of Defendant VARGAS and DOES 1 through 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages against each of them.

30. As a result of the conduct of VARGAS and DOES 1 through 10, Plaintiff was harmed.

31. Plaintiff brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

### (Against SALVADOR VARGAS and DOES 1 through 10)

32. The foregoing allegations are incorporated as if re-alleged herein.

33. At all relevant times, Defendants VARGAS and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

34. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

35. The aforementioned actions of VARGAS and DOES 1 through 10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff.

36. The acts of VARGAS and DOES 1 through 10 violated the substantive due process rights of Plaintiff.

37. The acts or omissions of VARGAS and DOES 1 through 10 caused harm to Plaintiff.

38. The conduct of VARGAS and DOES 1 through 10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of those defendants.

39. Plaintiff brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

**Municipal Liability - Unconstitutional Custom, Practice, or Policy**

**(42 U.S.C. § 1983)**

**(Against COUNTY OF SANTA BARBARA)**

40. The foregoing allegations are incorporated as if re-alleged herein.

41. At all relevant times, Defendants VARGAS and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

42. Defendants VARGAS and DOES 1 through 10 deprived Plaintiff of her particular rights under the Fourth, Eighth, and Fourteenth Amendments.

43. COUNTY OF SANTA BARBARA maintains or tolerates unconstitutional customs, practices, and policies that facilitated the deprivation of Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments.

44. Plaintiff was harmed as a result of these unconstitutional customs, practices, and policies.

7
**COMPLAINT FOR DAMAGES**

45. The policies, customs, and practices described above are also evidenced by the victimization of other inmates by VARGAS. Further, the policies described above are evidenced by the sexual assault and abuse of other inmates by staff members other than VARGAS.

46. COUNTY OF SANTA BARBARA, including its relevant officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Said officials acted with deliberate indifference to the foreseeable effects and consequences of these policies, practices and customs with respect to the constitutional rights of Plaintiff and other wards similarly situated.

47. Plaintiff brings this claim individually and seeks compensatory damages as week as attorney fees under 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability - Inadequate Training/Policy of Inaction**

**(42 U.S.C. § 1983)**

**(Against COUNTY OF SANTA BARBARA)**

48. The foregoing allegations are incorporated as if re-alleged herein.

49. At all relevant times, Defendants VARGAS and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

50. Defendants VARGAS and DOES 1 through 10 deprived PLAINTIFF of her particular rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.

51. The training provided by the COUNTY OF SANTA BARBARA was not adequate to train its employees to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident, the COUNTY OF SANTA BARBARA did not adequately train its employees to prevent, deter, detect, and avoid sexual abuse of inmates. Also, as evidenced by this incident, the COUNTY OF SANTA

BARBARA did not adequately train its employees to intervene when other employees are observed to be violating policies designed to prevent and deter sexual misconduct.

52. The COUNTY OF SANTA BARBARA was deliberately indifferent to the obvious consequences of its failure to train its employees adequately.

53. The failure of the COUNTY OF SANTA BARBARA to provide adequate training caused the deprivation of the Plaintiff's rights.

54. The COUNTY OF SANTA BARBARA maintained a policy of inaction with respect to the violation of policies designed to prevent or deter sexual misconduct against inmates. Employees who engaged in suspicious behavior, or behavior that violated written policy, were inadequately disciplined or otherwise penalized in connection with the use of excessive force.

55. PLAINTIFF brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability - Ratification (42 U.S.C. § 1983)

(Against COUNTY OF SANTA BARBARA)

56. The foregoing allegations are incorporated as if re-alleged herein.

57. At all relevant times, Defendants VARGAS and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

58. Defendants VARGAS and DOES 1 through 10 deprived PLAINTIFF of her particular rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.

59. Upon information and belief, a final policymaker for the COUNTY OF SANTA BARBARA has ratified or will ratify the conduct of Defendants VARGAS and DOES 1 through 10 and the bases for such conduct. Upon information and belief, the final policymaker acted or will act under color of law and with final policymaking authority from the COUNTY OF SANTA BARBARA.

60. On information and belief, the COUNTY OF SANTA BARBARA has determined or will determine that the conduct of VARGAS and DOES 1 through 10 was within policy, or has thus far failed to make a determination one way or the other.

61. On information and belief, as of the date of this complaint, neither VARGAS and DOES 1 through 10 have been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident.

62. PLAINTIFF brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF

### Supervisory Liability (42 U.S.C. § 1983)

(Against DOES 1 through 10)

63. The foregoing allegations are incorporated as if re-alleged herein.

64. At all relevant times, DOES 1 through 10 acted in a supervisory capacity and under color of law.

65. The acts and failures to act of DOES 1 through 10 were a cause of the sexual misconduct against PLAINTIFF and other conduct by VARGAS, which deprived PLAINTIFF of her particular rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.

66. DOES 1 through 10 knew that their subordinate VARGAS was engaging in conduct in violation of written policy and knew or reasonably should have known that his conduct would deprive the PLAINTIFF of these rights.

67. DOES 1 through 10 failed to act to prevent VARGAS, their subordinate, from engaging in such conduct.

68. The known or obvious consequence of training deficiencies and the failures to enforce written policies would be to cause subordinates like VARGAS to violate the PLAINTIFF's constitutional rights.

69. DOES 1 through 10 disregarded this consequence.

70. These training deficiencies and the failures to enforce written policies resulted in the deprivation of PLAINTIFF's rights by VARGAS.

71. DOES 1 through 10 engaged in conduct that showed a reckless or callous indifference to the deprivation by the subordinate of the rights of others.

72. The conduct of DOES 1 through 10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to each of those defendants.

73. PLAINTIFF brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Defendants COUNTY OF SANTA BARBARA, a public entity; SALVADOR VARGAS, an individual; and DOES 1 through 10, inclusive, as follows:

1. For general and special damages according to proof;
2. For punitive damages against Defendant SALVADOR VARGAS and DOES 1 through 10 in an amount to be proven at trial;
3. For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;
4. For interest;
5. For an award of the costs incurred by Plaintiffs in bringing this action; as well as
6. For such other and further relief as the Court deems proper.

Dated: May 11, 2020

**TAYLOR & RING**

By: *[signature]*
John C. Taylor
Sonya Ostovar
Attorneys for Plaintiff

11

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:     May 11, 2020               **TAYLOR & RING**

By: *[signature]*
John C. Taylor
Sonya Ostovar
Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**