RACHEL VAN MULLEM, COUNTY COUNSEL
MARY PAT BARRY, SR. DEPUTY (Bar No. 148354)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
(805) 568-2950 / FAX: (805) 568-2982
E-mail: mpbarry@co.santa-barbara.ca.us

Attorneys for Defendant
COUNTY OF SANTA BARBARA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA BARBARA, ET AL.,<br><br>Defendants. | Case No: 2:20-cv-04334 AB (SKx)<br><br>**MEMORANDUM OF CONTENTIONS OF FACT AND LAW OF DEFENDANT COUNTY OF SANTA BARBARA PURSUANT TO LOCAL RULE 16-4**<br><br>Judge: Hon. André Birotte Jr.<br>Courtroom: 7B, First St. Courthouse<br><br><u>Final Pre-Trial Conference & Hearing on Pre-Trial Motions</u><br>Date: July 12, 2024<br>Time: 2:00 p.m.<br><br><u>Trial</u>: August 6, 2024<br>Time: 8:30 a.m. |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

Pursuant to Rule 16-4 of the Local Rules of the United States District Court for the Central District of California, Defendant COUNTY OF SANTA BARBARA ("County") hereby submits its Memorandum of Contentions of Fact and Law in advance of trial, which is set to begin on August 6, 2024.

1.

Dated: June 21, 2024

RACHEL VAN MULLEM
COUNTY COUNSEL

By: /S/ - Mary Pat Barry
    Mary Pat Barry
    Senior Deputy County Counsel
Attorneys for Defendant,
COUNTY OF SANTA BARBARA

# MEMORANDUM OF CONTENTS OF FACT AND LAW

## I. CLAIMS AND DEFENSES [L.R. 16-4.1]

### A. Plaintiff's Claims:

**Claim 1:** Defendant Salvador Vargas ("Vargas") violated Jane Doe's rights under the Eighth Amendment of the U.S. Constitution by sexually assaulting her.

**Claim 2:** Defendant Vargas violated Doe's substantive due process rights under the Fourteenth Amendment of the U.S. Constitution by sexually assaulting her.[1]

**Claim 3:** Defendant County's policies, practices, and/or customs were the moving force behind Vargas's violation of Jane Doe's rights under the Eighth Amendment.

**Claim 4:** Defendant County's inadequate training/policy of inaction was the moving force behind Vargas's violation of Jane Doe's rights under the Eighth Amendment.

### B. Elements of Plaintiff's Claims:

**Elements Required to Establish Plaintiff's Claim Against Vargas for Sexual Assault in Violation of the Eighth Amendment Brought Under 42 U.S.C. § 1983.**

The elements of Plaintiff's Eighth Amendment claim against Vargas are:

1. Vargas acted under color of law;

2. Vargas's acts deprived Doe of particular rights under the United States Constitution; and

3. Vargas's conduct was an actual cause of the claimed injury.

---

[1] County believes Plaintiff's second claim for relief is redundant of her first claim for relief. Doe was released from physical custody but serving her sentence on home detention at the time of Vargas's alleged act so that Doe's claim against Vargas is an Eighth Amendment claim and not a Fourteenth Amendment claim.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

To prove that Vargas deprived Doe of her Eighth Amendment rights to be free from "cruel and unusual punishments" Doe must prove:

    4.    Vargas acted without penological justification; and

    5.    Vargas [touched the prisoner in a sexual manner] [engaged in sexual conduct for his own sexual gratification] [acted for the purpose of humiliating, degrading, or demeaning the prisoner].

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.3 (2017 Ed., rev. Dec. 2023); § 9.26A (2017 Ed., added May 2020).

### **Elements Required to Establish Plaintiff's Third Claim for Relief for Entity Liability.**

The elements of Plaintiff's third claim for relief against the County are:

To prove that the County violated Doe's Eighth Amendment rights based on an official policy, practice, or custom, Doe must prove each of the following elements by a preponderance of the evidence:

1. Vargas acted under color of state law;
2. the act[s] of Vargas deprived Doe of her particular rights under Eighth Amendment of the United States Constitution;
3. Vargas acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the County; and
4. the County's official policy or widespread or longstanding practice or custom caused the deprivation of Doe's rights by Vargas; that is the County's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Doe's rights as to be the moving force that caused the ultimate injury.

Plaintiff must also prove all elements listed above regarding her claims against Vargas.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.5 (2017 Ed., rev. Dec. 2023).

### Elements Required to Establish Plaintiff's Fourth Claim for Relief for Entity Liability.

The elements of Doe's fourth claim for relief against the County are:

To prove that the County violated Doe's Eighth Amendment rights based on a policy of failure to train its employees, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the acts of Vargas deprived Doe of her particular rights under the Eighth Amendment of the United States Constitution;
2. Vargas acted under color of state law;
3. the training policies of the County were not adequate to [prevent violations of law by its employees] [train its employees] to handle the usual and recurring situations with which they must deal;
4. the defendant County was deliberately indifferent to the [substantial risk that its policies were inadequate to prevent violations of law by its employees] [known or obvious consequences of its failure to train its employees adequately]; and
5. the failure of the defendant County [to prevent violations of law by its employees] [to provide adequate training] caused the deprivation of Doe's rights by Vargas; that is, the defendant County's failure [to prevent violations of law by its employees] [to train] played a substantial part in bringing about or actually causing the injury or damage to Doe.

Plaintiff must also prove all elements listed above regarding her claims against Vargas.

*See* Ninth Circuit Manual of Model Civil Jury Instructions §9.8 (2017 Ed., rev. Dec. 2023).

### C. Brief Description of Key Evidence in Opposition to Plaintiff's Claims.

The key evidence in opposition to Plaintiff's claims against the County will be:

Claims No. 3 & 4 (*Monell claims*): Santa Barbara County Sheriff's Office ("SBSO") Policies; testimony of SBSO witnesses regarding policies, customs, practices, procedures and training for reporting and investigating claims made by Santa Barbara County Main Jail inmates regarding sexual misconduct; SBSO's Divisional, Professional Standards Unit, and Criminal Investigations Division investigations of claims of sexual misconduct; supervision and training of Vargas; and practices regarding the transport of female inmates by male civilian employees.

### D. Summary Statement of Affirmative Defenses that Defendant County Has Pled and Plans to Pursue.[2]

County does not intend to pursue affirmative defenses.

### E. Similar Statement for All Third Parties.

There are no third parties named in this lawsuit.

### F. Identification of Anticipated Evidentiary Issues and Defendant County's Position on Those Issues.

Plaintiff and Defendant County are filing motions in limine, which are set for hearing at the Final Pretrial Conference hearing on July 12, 2024.

### G. Identification of Issues of Law Germane to the Case and County's Position on Those Issues.

At this time County is not identifying any issues of law that are germane to this case.

## II. BIFURCATION OF ISSUES [L.R. 16-4.3]

Defendants are filing their Motion In Limine No. 1 Regarding Bifurcation of Trial.

///

///

---

[2] No counterclaims are asserted by the County in this lawsuit.

### A. Request.

The County requests that Plaintiff's *Monell* claims be bifurcated from trial of Plaintiff's claims against Vargas.

### B. Explanation for Request.

The Court may order a separate trial of one or more separate issues or claims for the purpose of convenience, to avoid prejudice, or to expedite and economize an action. Fed. R. Civ. P. 42(b).

With regard to Plaintiff's *Monell* claims against the County, bifurcation would prevent prejudice to the individual defendant because it would exclude from a first phase of trial prejudicial evidence that may be relevant only to the *Monell* claim. Bifurcation also would meet the objective of preventing jury confusion on the different issues raised by Plaintiff's claims against Vargas and her *Monell* claims. And bifurcation would potentially expedite and economize the trial because if the jury finds no liability on Plaintiff's first and second claims, there would be no need to consider Plaintiff's *Monell* claims.

## III. JURY TRIAL [L.R. 16-4.4]

Plaintiff's claims are triable to a jury and timely demand for jury trial has been made by Plaintiff and by the County.

## IV. ATTORNEYS' FEES

County may seek attorney's fees if it is a prevailing party, as provided by 42 U.S.C. § 1988.

## V. ABANDONMENT OF ISSUES [L.R. 16-4.6]

Defendant County abandons the second affirmative defense set forth in its answer.

Dated: June 21, 2024

RACHEL VAN MULLEM
COUNTY COUNSEL
By: /S/ - Mary Pat Barry
Mary Pat Barry
Senior Deputy County Counsel
Attorneys for Defendant,
COUNTY OF SANTA BARBARA

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street, Santa Barbara, California.

On June 21, 2024, I served a true copy of the within **MEMORANDUM OF CONTENTIONS OF FACT AND LAW OF DEFENDANT COUNTY OF SANTA BARBARA PURSUANT TO LOCAL RULE 16-4** on the Interested Parties in this action not registered for the CM/ECF System by:

☒ by First Class U.S. Mail to the person(s) indicated below. I am familiar with the practice of the Office of Santa Barbara County Counsel for the collection and processing of correspondence for mailing with the United States Postal Service. In accordance with the ordinary course of business, the above-mentioned document would have been deposited with the United States Postal Service on June 21, 2024, after having been deposited and processed for postage with the County of Santa Barbara Central Mail Room.

Salvador Vargas
c/o Alicia Ayala
219 W. Park
Santa Maria, CA 93458
Co-Defendant In Pro Per

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 21, 2024, at Santa Barbara, California.

/s/-Mark Yee
Mark Yee